# EXHIBIT 1

# Arnold & Porter

Jeffrey L. Handwerker
+1 202.942.6103 Direct
Jeffrey.Handwerker@arnoldporter.com

Paula Ramer
+1 212.836.8474 Direct
Paula.Ramer@arnoldporter.com

**By E-mail to Krista.Pedley@hrsa.hhs.gov, Chantelle.Britton@hrsa.hhs.gov, William.Burgess@hhs.gov, and Sherine.Hargrove@hhs.gov.**

July 31, 2024

Rear Admiral Krista M. Pedley
Director, Office of Special Health Initiatives
Health Resources and Services Administration
5600 Fishers Lane
Rockville, MD 20857

Chantelle Britton
Director, Office of Pharmacy Affairs
Health Resources and Services Administration
5600 Fishers Lane
Rockville, MD 20857

William Burgess
Senior Attorney
Office of General Counsel
200 Independence Avenue, S.W.
Washington, D.C. 20201

Sherine Hargrove
Attorney
Office of General Counsel
200 Independence Avenue, S.W.
Washington, D.C. 20201

Re:   HRSA Approved 340B Performance Audits of Covered Entities

Dear Rear Admiral Pedley, Director Britton, Mr. Burgess, and Ms. Hargrove:

      We write on behalf of our client, Johnson & Johnson Health Care Systems Inc. ("J&J"), to address three key points about the 11 recent 340B performance audits that HRSA has approved for J&J. First, we set forth the statutory support that permits J&J to conduct these audits. Second, we describe the substantial resistance J&J has met from the covered entities in its efforts to conduct these HRSA-approved audits. Third, with respect to the lawsuits filed by Oregon Health & Science University ("OHSU")[1] and MaineGeneral Medical Center ("MGMC"), we provide additional context regarding J&J's good faith discussions with those entities that is not included in the complaints—but was included as part of the reasonable cause submissions that supported HRSA's approval of the audits.

---

[1] Oregon Health & Science University is listed in Office of Pharmacy Affairs Information System as Oregon Health Science Center University Hospital.

# Arnold & Porter

Rear Admiral Krista M. Pedley
Chantelle Britton
William Burgess
Sherine Hargrove
July 31, 2024
Page 2

### I.     J&J Has A Statutory Right to Audit Covered Entities

Fundamentally, manufacturers have a statutory right to audit the records of covered entities that pertain to the entity's compliance with the diversion and duplicate discounting prohibitions in the 340B statute. In this regard, the 340B statute provides that:

> [A] covered entity *shall* permit the Secretary and the manufacturer of a covered outpatient drug that is subject to an agreement under this subsection with the entity (acting in accordance with procedures established by the Secretary relating to the number, duration, and scope of audits) to audit at the Secretary's or the manufacturer's expense the records of the entity that directly pertain to the entity's compliance with the requirements described in subparagraphs (A) or (B) with respect to drugs of the manufacturer.[2]

The 340B statute thus makes clear that a manufacturer has an unconditional right to audit a covered entity's records pertaining to their compliance with the duplicate discounting and diversion provisions of the 340B statute. The statute does not require evidence of a compliance violation in advance of the audit nor does it require reasonable cause. Rather, the statute provides that a manufacturer "shall" audit a covered entity "acting in accordance with procedures established by the Secretary relating to the number, duration, and scope of audits."[3]

Importantly, the 340B statute defines a covered entity in two parts. First, a "covered entity" must fall within one of the 15 enumerated types of entities set forth in 42 U.S.C. § 256b(a)(4). Second, in addition to being one of the specified entity types, a covered entity also must be "an entity that meets the requirements described in paragraph (5). . . ."[4] Paragraph 5 includes the diversion prohibition, the duplicate discount prohibition, and the audit requirement. In other words, to qualify as a covered entity, a facility must not only be one of the listed entity types but it <u>also</u> must allow manufacturer audits in accordance with Paragraph 5(C) of the 340B statute. Therefore, under the plain terms of the statute, an entity that does not allow a manufacturer to audit its records of compliance with the duplicate discounting and diversion provisions does not qualify as a covered entity.

---

[2] 42 U.S.C. § 256b(a)(5)(C) (emphasis added).
[3] *Id.*
[4] 42 U.S.C. § 256b(a)(4).

# Arnold & Porter

Rear Admiral Krista M. Pedley
Chantelle Britton
William Burgess
Sherine Hargrove
July 31, 2024
Page 3

## II. J&J's Efforts to Conduct Its HRSA-Authorized Audits Have Been Met with Significant Resistance

In April 2024, J&J reached out to a number of covered entities that it had identified as having the most significant increases in utilization of its products over the past year. The purpose of that outreach was to begin a good faith dialogue so that J&J could better understand the drivers of the substantial increased utilization that J&J had experienced. In addition to the increased utilization, J&J had identified evidence of duplicate discounts (from the ESP system or Medicaid Exclusion File) at six of the initial 14 covered entities with which it engaged (and had suspicion of duplicate discounting at a seventh entity). To facilitate these good faith discussions, J&J often sent a list of questions to the covered entities in advance of a call with the entity or in response to the entity's request for more information.

In May and June 2024, after the respective discussions with each entity had reached an impasse, J&J submitted reasonable cause letters to HRSA. Those letters described the limited responses that J&J had received during good faith discussions as well as the compliance questions that had been identified. In addition, although the 340B statute does not require that a manufacturer have "reasonable cause" to audit a covered entity, J&J nonetheless described its basis for requesting an audit of each covered entity consistent with an audit plan that J&J attached to each reasonable cause letter. To that end, the 340B utilization increases that J&J had observed for the covered entities with whom it had good faith discussions alone provided a sufficient basis for J&J to exercise its statutory audit right, as HRSA guidance provides that "[s]ignificant changes in quantities of specific drugs ordered by a covered entity . . . may be a basis for establishing reasonable cause" for a manufacturer to conduct an audit.[5]

With respect to OHSU, J&J's reasonable cause letter explained that J&J had observed a 74% increase—or $20.7 million—in OHSU's 340B sales over the prior year.[6] This increase was largely driven by an $18.4 million increase in STELARA 340B sales. J&J also explained that it had evidence that OHSU had submitted or caused to be submitted duplicate discounts for 30 identical claims for both 340B and Medicaid in 2022 and 2023. With respect to MGMC, J&J's reasonable cause letter explained that J&J had observed a

---

[5] 61 Fed. Reg. 65406 (Dec. 12, 1996).
[6] J&J analyzed the covered entity's 340B utilization during the six-month period from September 2023 to February 2024 as compared with its 340B utilization during the prior six-month period, March 2023 to August 2023.

# Arnold & Porter

Rear Admiral Krista M. Pedley
Chantelle Britton
William Burgess
Sherine Hargrove
July 31, 2024
Page 4

159% increase—or $6.2 million—in MGMC's 340B sales over the prior year. This increase was again driven primarily by a $6.1 million increase in STELARA 340B sales.

Upon its review of the reasonable cause submissions, HRSA requested that J&J make some edits to the audit work plans as HRSA recommended. J&J revised the documents accordingly and sent updated audit work plans to HRSA. On June 19, 2024, HRSA approved the 340B performance audits of eight covered entities, including OHSU and MGMC. On July 12, HRSA approved four additional 340B performance audits of covered entities. One of the audits was subsequently rescinded due to an administrative error.

Shortly after HRSA's approval to initiate the 11 audits, J&J's independent 340B auditor, Deloitte & Touche LLP ("D&T"), provided audit notification letters to the covered entities. Many of the covered entities, however, have chosen not to cooperate with the audits. Instead, to date at least six of the covered entities have retained outside counsel and have instructed D&T to communicate with the entity solely through their outside lawyers.[7] J&J understands that the law firm of Hall, Render, Killian, Heath & Lyman, P.C. represents OHSU, MGMC, Strong Memorial Hospital and Children's National Medical Center, and the law firm, Polsinelli PC, represents University of Washington Medical Center and University of Kansas Hospital. A seventh covered entity, University of Virginia Medical Center, has indicated that it is "in the process of obtaining external legal counsel to assist with the audit," and that it will not proceed with an initial audit kickoff call with D&T until it has secured counsel.

To date, the covered entities who have obtained outside counsel have not provided any documents or information requested by J&J's auditor. Instead, outside counsel for the covered entities has demanded that J&J produce documentation used to support the HRSA approval of the audits (*e.g.*, reasonable cause letters, audit work plans) as a precondition to starting engagement on the audit. These entities, including OHSU and MGMC, made these demands even though the 340B statute does not contain any such conditions on a manufacturer's right to audit and which, as noted above, is a condition of a covered entity's ability to participate in the 340B program. However, in an effort to cooperate and demonstrate transparency, J&J offered to share all of the information requested with these covered entities, subject to the agreement of the covered entity and its lawyers/consultants to maintain the information in confidence and use it solely for purposes of the audit. As of the date of this letter, none of the represented covered entities has agreed to this

---

[7] Moreover, J&J has learned that one of the covered entities—University of Washington Medical Center— has instructed its personnel not to meet with any J&J sales representatives because of J&J's 340B covered entity audit.

# Arnold & Porter

Rear Admiral Krista M. Pedley
Chantelle Britton
William Burgess
Sherine Hargrove
July 31, 2024
Page 5

confidentiality request. In fact, University of Kansas Hospital suggested that it might want to share the information with legislators or other third parties unrelated to the audit, which we do not believe is appropriate for the audit work plans. Moreover, prior to filing suit on behalf of OHSU and MGMC, Hall Render had told J&J's outside counsel that it would consider J&J's request for confidentiality—but then ignored several follow up requests to provide a response.

As we explained during our meeting, J&J is more than willing to work with covered entities to make reasonable adjustments to the timing and scope of its audit requests. Indeed, J&J is currently working in good faith with the covered entities who did not retain outside counsel on scope and timing of the audits and has granted numerous accommodations to them on scheduling as well as, in at least one instance, the products that are subject to the audit scope. J&J will continue to make reasonable accommodations to those covered entities to minimize disruption and burden to the maximum extent possible.

### III. Information Omitted from Lawsuits Filed Against HRSA

The complaints filed by OHSU and MGMC against HRSA omit material correspondence between J&J and the covered entities that had been part of the reasonable cause packages supporting approval of the audits of OHSU and MGMC. Specifically, with respect to OHSU, OHSU alleges in Paragraphs 55 and 56 of its complaint that "On May 16, OHSU's Chief Operating Officer Joe Ness sent J&J a letter requesting additional information about the basis of the inquiry and asking that the manufacturer follow reasonable procedures derived from the Manufacturer Audit Guidelines when submitting future requests," but that "J&J never responded to Mr. Ness's letter." This is simply inaccurate. On May 21, 2024, J&J responded in detail to Mr. Ness's letter. The response set forth J&J's concerns regarding OHSU's 340B program utilization. J&J never received a response from OHSU to that May 21, 2024 letter.

With respect to MGMC, the complaint similarly omits a number of J&J's communications. For example:

- On May 13, 2024, MGMC cancelled a planned May 15 meeting and said it was working on getting a new meeting time. That same day, J&J replied to MGMC acknowledging the cancellation and requesting that MGMC offer available times for a rescheduled call. MGMC replied, requesting the meeting agenda and questions for discussion. J&J responded to that request the same day.

**Arnold & Porter**

Rear Admiral Krista M. Pedley
Chantelle Britton
William Burgess
Sherine Hargrove
July 31, 2024
Page 6

- On May 20, 2024, after not receiving a response from MGMC, J&J emailed MGMC to ask again for dates to reschedule the call.

- On May 22, 2024, again with no response from MGMC, J&J once again emailed MGMC to ask for dates to reschedule the call. J&J also attached a list of compliance-related questions to be discussed during the call, if and when it was rescheduled. J&J again never received a response.

None of these communications, which were part of the package submitted to HRSA supporting reasonable cause, is mentioned in MGMC's complaint.

Finally, as noted above, in response to the covered entities' requests for information related to the audit approvals and reasonable cause letters, J&J offered to provide that information subject to the covered entities' agreement to maintain the information in confidence. Although Hall Render told J&J's outside counsel, Arnold & Porter, that it would follow up, it never did so, despite multiple communications by Arnold & Porter requesting a response. Instead, and without any notice to Arnold & Porter, Hall Render filed suit against HRSA on behalf of OHSU and MGMC.

\*   \*   \*

J&J remains deeply committed to the 340B Program and to ensuring access to prescription medicines. Thank you for your attention to this important matter and for your commitment to the 340B Program. We look forward to continuing to work with you and with all 340B Program stakeholders to advance our shared goals of supporting patients in need, facilitating access to prescription medicines for patients, and ensuring 340B Program compliance and integrity. We welcome and would appreciate the opportunity to continue to work collaboratively with HRSA and other stakeholders to achieve these important objectives. Please contact me at 202-942-6103 or Jeffrey.handwerker@arnoldporter.com if you would like to discuss further at your convenience.

Sincerely,

Jeffrey L. Handwerker
Paula Ramer
*Counsel to J&J*

# Arnold & Porter

Rear Admiral Krista M. Pedley
Chantelle Britton
William Burgess
Sherine Hargrove
July 31, 2024
Page 7


cc:   Perry Knight, VP Law
      Julia Kiechel, Senior Counsel

Attachments

**Attachments Omitted**