**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> DOROTHY FINK, in her official capacity, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> and <br><br> DIANA ESPINOSA, in her official capacity, and HEALTH RESOURCES AND SERVICES ADMINISTRATION, <br><br> *Defendants*. | Civil Action No. 1:24-cv-3188 |

**PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF
<u>SUMMARY JUDGMENT MOTIONS</u>**

Plaintiff Johnson & Johnson Health Care Services Inc. ("J&J") respectfully requests that the Court take into account certain time sensitivities as the Court considers the summary judgment motions in this case.[1]  Pursuant to LCvR 7(m), J&J has conferred with Defendants, who indicated that they take no position on this motion.

As detailed in the Declaration of Lauren Paluzzi ("Paluzzi Decl."), attached hereto as Exhibit A, J&J is subject to a September 1, 2025 deadline to submit to the Centers for Medicare and Medicaid Services ("CMS") a written plan describing J&J's intended procedures for meeting its obligations under the Medicare Drug Price Negotiation Program ("Negotiation Program"), which was established by the Inflation Reduction Act ("IRA"), Pub. L. No. 117-169, 136 Stat. 1818 (2022), and the 340B Drug Pricing Program, 42 U.S.C. § 256b.  The questions presented in this case bear directly on the procedures J&J will include in that submission.

Specifically, J&J faces significant obstacles to complying with a critical IRA requirement—preventing payment of duplicate discounts under the IRA and the 340B Program, which will require rapidly scrutinizing 340B drug dispensing data to which J&J currently has no access.  Adoption of J&J's "Rebate Model" for the 340B Program, *see generally* Compl., ECF No. 1, would dramatically increase J&J's ability to perform its de-duplication obligations on a nationwide scale.  However, the IRA will take effect on January 1, 2026, and J&J anticipates that it will require a minimum of six months to complete the significant planning, implementation work, and systems testing necessary for the Rebate Model to begin operating under the IRA by that date.  As a result, J&J's ability to begin participating in the new statutory regime, and to comply with all of its obligations thereunder, may be substantially impeded if uncertainty about

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), J&J has substituted the successors of the named public officer defendants in the case caption.

the lawfulness of J&J's Rebate Model remains after July 1, 2025. J&J therefore respectfully requests that the Court consider and adjudicate the parties' dispositive motions in this case on or before July 1, 2025, or as soon thereafter as the Court's schedule will allow.

## BACKGROUND

As the Court is aware, this case concerns the federal 340B Drug Pricing Program ("340B Program"), under which manufacturers enter into agreements with the Secretary of Health and Human Services ("HHS") to offer outpatient drugs to certain health providers, known as "covered entities," at reduced prices. *See* 42 U.S.C. § 256b. J&J has been a proud participant in the 340B Program for more than three decades and is committed to Congress's purposes of assisting vulnerable patients and increasing patient access, balanced against the need to "assur[e] the [program's] integrity." *See* H.R. Rep. No. 102-384, pt. 2, at 10-12 (1992). Those integrity concerns are addressed by provisions in the 340B statute that bar covered entities from obtaining the 340B price on a drug purchase that also receives a Medicaid rebate (known as a "duplicate discount"), and from "diverting" 340B-priced drugs to individuals who are not the entities' patients. *See* 42 U.S.C. § 256b(a)(5). Under the duplicate discount prohibition, manufacturers are exempt from paying rebates to state Medicaid programs for units of medication purchased at the 340B price. *See id.* § 256b(a)(5)(A).

In 2022, Congress passed the IRA, which established the "Negotiation Program." *See* 42 U.S.C. § 1320f. Under the Negotiation Program, HHS must publish annually a list of "selected drugs" and enter into agreements with their manufacturers to make those selected drugs available for Medicare Part D beneficiaries at the Maximum Fair Price ("MFP")—a mandatory discounted price point established through "negotiation[s]" with CMS. *Id.*; *see also id.* § 1320f-2. For 2026, the first year of the program, the Secretary has selected two of J&J's medications, STELARA®

3

and XARELTO®.  Paluzzi Decl. ¶ 2.  Accordingly, J&J is required by law to begin providing those medications to Medicare Part D beneficiaries at the MFP on January 1, 2026.  *Id.* ¶ 4.

In October 2024, CMS issued guidance, known as the IPAY Guidance, setting out procedures for implementing the Negotiation Program in 2026 and 2027.  *See* CMS, *Medicare Drug Price Negotiation Program: Final Guidance, Implementation of Sections 1191 – 1198 of the Social Security Act for Initial Price Applicability Year 2027 and Manufacturer Effectuation of the Maximum Fair Price in 2026 and 2027* (Oct. 2, 2024), https://bit.ly/3Y719J0.  The IPAY Guidance requires manufacturers to send an "MFP refund" to entities dispensing selected medications within 14 calendar days of the manufacturer's receipt of claim data from a CMS system.  *See* Paluzzi Decl. ¶ 7 (citing IPAY Guidance § 40.4.2).  However, neither J&J nor dispensing entities can know at the time an entity *purchases* the unit whether it will be MFP-eligible; eligibility is only determined upon dispensing of the drug to a Medicare Part D beneficiary.  *Id.* ¶ 8.

Similar to the 340B statute's duplicate discount prohibition, the IRA exempts manufacturers from having to provide both the MFP and the 340B price on the same unit.  *See* 42 U.S.C. § 1320f-2(d).  However, if a manufacturer cannot confirm that a dispensed unit was 340B-eligible within the 14-day MFP payment window, the IPAY Guidance requires manufacturers to issue to the covered entity the full MFP refund, which is generally the drug's list price minus the MFP.  Paluzzi Decl. ¶ 12 (citing IPAY Guidance at 56, § 40.4.5).

The result of CMS's Guidance is that for units purchased by covered entities at the 340B price and then dispensed to Medicare Part D patients, J&J must pay to the covered entity the full amount of the MFP refund—in essence, a duplicate discount—unless J&J can confirm, within the 14-day window, that the unit was dispensed to a 340B-eligible patient.  *Id.* ¶ 13.  J&J estimates that, for purchases of STELARA and XARELTO in 2026 alone, the company would need to pay

covered entities hundreds of millions of dollars in improper MFP refunds for medications purchased at the 340B price. *Id.* ¶ 22. In theory, J&J can try to recoup these dollars if and when J&J discovers that a dispense was 340B-eligible, but the covered entities hold J&J's funds in the meantime. *Id.*

Unfortunately, manufacturers such as J&J do not have access to the information they would need to determine the 340B eligibility of a dispense in the 14-calendar-day period CMS has imposed. *Id.* ¶ 15. Neither CMS nor the Health Resources and Services Administration ("HRSA"), the sub-agency within HHS that administers the 340B Program, requires covered entities to identify for manufacturers which of their dispenses of medications qualify for the 340B price. *Id.* ¶ 16 (citing IPAY Guidance at 60, § 40.4.2.1). The IPAY Guidance instead provides that *manufacturers* are responsible for avoiding duplication between the MFP and 340B pricing. *See id.* (citing IPAY Guidance at 55, § 40.4.5).

In addition, the IPAY Guidance directs manufacturers of selected drugs, by no later than September 1, 2025, to submit to CMS a written "MFP effectuation plan" that describes in detail their processes for "deduplicating" discounts on selected drugs for 340B-eligible dispenses. *Id.* ¶ 17 (citing IPAY Guidance § 90.2.1).

In part to help fulfill that obligation, J&J has taken steps toward adopting the "Rebate Model" at issue in this litigation, as further explained in J&J's Complaint and the summary judgment briefing J&J submits concurrently with this motion. *See id.* ¶ 18; *see generally* Compl., ECF No. 1. In light of the various constraints and pressures J&J faces, including the lack of transparency in the 340B Program and the particularly short window CMS has provided for payment of MFP refunds, J&J believes that implementing its Rebate Model will be the best and most efficient means of complying with its dueling obligations under the IRA and the 340B statute.

*See* Paluzzi Decl. ¶ 19. The Rebate Model provides an efficient, effective solution for the duplication challenges J&J faces, including the massive expenses associated with improper and unnecessary MFP refund payments on units purchased at the 340B price. *Id.* ¶¶ 20, 22, 24.

## **ARGUMENT**

Courts may "expedite the consideration of any action … if good cause therefore is shown." 28 U.S.C. § 1657; *see, e.g. RICU LLC v. HHS*, 22 F.4th 1031, 1034 (D.C. Cir. 2022). J&J respectfully suggests that expedited consideration of the summary judgment motions in this case is warranted because of the time constraints J&J faces before the IRA takes effect on January 1, 2026.

Specifically, in order to have sufficient time to prepare for participation in the Negotiation Program by that date, J&J must have certainty as to whether it may proceed with the Rebate Model by July 1, 2025.[2] Paluzzi Decl. ¶ 25. Knowing whether the Rebate Model is permissible by that date would enable J&J to complete the significant planning, implementation work, and systems testing necessary for the Rebate Model to interface with the systems needed for MFP functionality by January 1, 2026, when the program begins operation. *Id.* Judicial confirmation that it can proceed with its Rebate Model by July 1, 2025 would also allow J&J to complete and submit its required MFP effectuation plan by the September 1, 2025 deadline that CMS has imposed. *See id.*

If it remains unclear after July 1, 2025 whether J&J may proceed with its Rebate Model, J&J's ability to carry out its obligations under the IRA may be significantly hampered. Consistent with these timing concerns, the parties agreed to an expedited briefing schedule for this case that

---

[2] Another manufacturer in a parallel case to this one has moved for a ruling on summary judgment motions concerning the lawfulness of its rebate model by May 1, 2025. Mot. for Expedited Determination, *Bristol Myers Squibb Co. v. Fink*, No. 1:24-cv-3337 (D.D.C. Jan. 14, 2025), ECF No. 12.

6

will result in complete briefing on cross motions for summary judgment by March 31. ECF No. 10. If the Court were able to provide clarity as to the issues in this case on or before July 1, or as soon thereafter as the Court's schedule allows, it would be substantially beneficial for both J&J's execution of its duties specifically, and administration of the Negotiation Program and the 340B Program generally.

## **CONCLUSION**

For the foregoing reasons, J&J respectfully requests that the Court consider and adjudicate the pending and forthcoming summary judgment motions in this case on or before July 1, 2025, or as soon thereafter as the Court's schedule will allow.

DATED: February 3, 2025

                                             Respectfully submitted,

                                             */s/* Jeffrey L. Handwerker
Jeffrey L. Handwerker (D.C. Bar No. 451913)
jeffrey.handwerker@arnoldporter.com
Samuel I. Ferenc (D.C. Bar No. 1616595)
sam.ferenc@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000

Paula R. Ramer (*admitted pro hac vice*)
paula.ramer@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000

*Counsel for Plaintiff Johnson & Johnson Health Care Systems Inc.*

**CERTIFICATE OF SERVICE**

      I certify that on February 3, 2025, I filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to the registered participants identified on the Notice of Electronic Filing.

                                        /s/ Jeffrey L. Handwerker
                                        Jeffrey L. Handwerker