IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> and <br><br> THOMAS J. ENGELS, in his official capacity, and HEALTH RESOURCES AND SERVICES ADMINISTRATION, <br><br> *Defendants*. | Civil Action No. 1:24-cv-3188 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO ENLARGE THE BRIEFING SCHEDULE**

Plaintiff Johnson & Johnson Health Care Systems Inc. ("J&J") submits this brief in opposition to Defendants' motion to enlarge the briefing schedule. *See* ECF No. 31.[1]

Time is of the essence in this case, as J&J explained in both its complaint and in its motion to expedite consideration of the parties' summary judgment motions. ECF No. 1; ECF No. 19. As the motion to expedite details, J&J is subject to a September 1, 2025 deadline to submit to the Centers for Medicare and Medicaid Services a written plan describing J&J's intended procedures for meeting its obligations under the Medicare Drug Price Negotiation Program ("Negotiation Program"), which was established by the Inflation Reduction Act ("IRA"), Pub. L. No. 117-169, 136 Stat. 1818 (2022), and the 340B Drug Pricing Program, 42 U.S.C. § 256b. *See* ECF No. 19 at 2. The questions presented in this case bear directly on the procedures J&J will include in that submission.

Specifically, J&J needs a mechanism to comply with the IRA requirement that drug manufacturers must prevent duplication between the "maximum fair price" established for "selected" drugs under the IRA and the ceiling price for 340B eligible sales. *See generally* ECF No. 19. Adoption of J&J's "Rebate Model" for the 340B Program, *see generally* Compl., ECF No. 1, would substantially enhance J&J's ability to perform this de-duplication obligation on a nationwide scale. However, the IRA will take effect for selected drugs on January 1, 2026 (including for STELARA and XARELTO, the two J&J drugs to which the Rebate Model would apply), and J&J anticipates that it will require a minimum of six months to complete the planning, implementation work, and systems testing necessary for the Rebate Model to be operational by the January 1 date. *See* ECF No. 19-1 ¶ 25. As a result, J&J's ability to comply with its obligations under the IRA could be impaired if uncertainty about the lawfulness of J&J's Rebate Model

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), J&J has substituted HHS Secretary Robert F. Kennedy, Jr. for his predecessor in the case caption.

1

remains after July 1, 2025.  Accordingly, J&J has respectfully requested that the Court consider and adjudicate the parties' summary judgment motions in this case on or before July 1, 2025, or as soon thereafter as the Court's schedule will allow.  *See generally* ECF No. 19.

Consistent with the schedule to which the parties had stipulated on December 27, 2024, J&J filed its summary judgment motion on February 3, 2025.  ECF No. 10; ECF No. 18.  Nearly three weeks later, and just 10 days before Defendants' deadline to cross-move for summary judgment, Defendants have moved pursuant to Federal Rule of Civil Procedure 6(b) to extend by thirty days their deadline to cross-move for summary judgment.  Courts should grant motions for extensions of time only upon a showing of good cause and the "absence of … prejudice to the adverse party."  4B Charles Alan Wright et al. *Federal Practice & Procedure* § 1165 (4th ed.); *see, e.g.*, *Cooper v. DOJ*, 169 F. Supp. 3d 20, 46 (D.D.C. 2016) (granting motion to extend deadline when "no prejudice would result"); *Gona v. U.S. Citizenship & Immigr. Servs.*, No. 1:20-CV-3680, 2021 WL 1226748, at *1 (D.D.C. Apr. 1, 2021) (considering whether a requested extension would "prejudice [the nonmovant] or hinder the fair administration of justice").

J&J is typically willing to grant professional courtesies whenever it can.  However, due to the pressing IRA deadlines that J&J faces, in this instance it cannot do so.  Defendants' belated request to extend the agreed-upon briefing schedule by thirty days would significantly prejudice J&J.  As described *supra* and in J&J's motion to expedite, ECF No. 19, uncertainty about the lawfulness of J&J's Rebate Model after July 1, 2025 may hamper J&J's ability to plan for and carry out its obligations under the IRA.  J&J stipulated with Defendants to an expedited schedule under which summary judgment briefing would conclude by March 31 with those precise considerations in mind.  *See* ECF No. 10.

2

Defendants' motion also would upend the parties' jointly agreed-upon schedule without good cause.  Defendants principally state that they require additional time to confer with new agency leadership on the issues in this case and to respond to the various arguments raised across the multiple pending cases in this district concerning 340B rebate models.  But Defendants agreed to the existing schedule on December 27, 2024, with full knowledge of both the impending change of administration and the differing features of each of the rebate model complaints.  In fact, the consent motions proposing the stipulated schedule were filed on the same date in several of the pending rebate model cases, in which Defendants have also now filed parallel motions for 30-day time extensions.  *See, e.g.*, Consent Mot. to Vacate Answer Deadline and Set Summ. J. Briefing Schedule, *Eli Lilly & Co. v. Kennedy*, No. 1:24-cv-3220 (D.D.C. Dec. 27, 2024), ECF No. 11; *see also* Consent Mot. to Vacate Answer Deadline and Set Summ. J. Briefing Schedule, *Novartis Pharms. Corp. v. Kennedy*, No. 1:25-cv-117 (D.D.C. Jan. 27, 2025), ECF No. 8 (consenting to same schedule one month later).  Defendants' proffered grounds for an extension thus do not constitute good cause.

J&J's opposition is chiefly in the interest of preserving the greatest likelihood that the parties' summary judgment motions will be adjudicated within the timeframe proposed in J&J's motion to expedite.  Indeed, another manufacturer with IRA-selected drugs that filed a rebate model case in this district two weeks after J&J's litigation was filed has also sought expedited consideration of its motion for summary judgment, and is also opposing the government's extension motion.  Bristol Myers Squibb Co.'s Mot. for Expedited Determination ¶¶ 4, 21, *Bristol Myers Squibb Co. v. Johnson*, No. 1:24-cv-3337 (D.D.C. Jan. 14, 2025) (requesting determination by May 1, 2025), ECF No. 12; Pls.' Joint Opp'n to Defs.' Mot. to Enlarge the Briefing Schedule, *Bristol Myers Squibb Co.*, No. 1:24-cv-3337, ECF No. 31 (D.D.C. Feb. 24, 2025).  The other

manufacturers with rebate model cases, all of which were filed after J&J's, are also filing briefs in opposition. *E.g.*, Pls.' Joint Opp'n to Defs.' Mot. to Enlarge the Briefing Schedule, *Novartis Pharms. Corp.*, No. 1:25-cv-117 (D.D.C. Feb. 24, 2025), ECF No. 25. J&J believes that interests of fairness and efficiency counsel strongly in favor of maintaining a uniform briefing schedule and resolution timeline across the several rebate model cases, particularly for those parties (like J&J) that have drugs selected under the IRA as of January 1, 2026.

With these considerations in mind, J&J respectfully requests that the Court deny Defendants' motion to enlarge the briefing schedule because "prejudice would result" for J&J. *Cooper*, 169 F. Supp. 3d at 46; *see Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir. 2018) ("Rule 6 provides that the court *may* grant the motion for good cause, not that it must do so."). To the extent the Court does elect to grant relief, however, in order to further and maintain "the fair administration of justice," *Gona*, 2021 WL 1226748, at *1, such relief should be consistent with any relief granted in the parallel rebate model cases and with the timeline proposed in J&J's motion to expedite.

DATED:  February 24, 2025

                                                        Respectfully submitted,

                                                        */s/* Jeffrey L. Handwerker
                                                        Jeffrey L. Handwerker (D.C. Bar No. 451913)
                                                        jeffrey.handwerker@arnoldporter.com
                                                        Samuel I. Ferenc (D.C. Bar No. 1616595)
                                                        sam.ferenc@arnoldporter.com
                                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                                        601 Massachusetts Ave., NW
                                                        Washington, DC 20001-3743
                                                        Tel: (202) 942-5000

                                                        Paula R. Ramer (*admitted pro hac vice*)
                                                        paula.ramer@arnoldporter.com
                                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                                        250 West 55th Street
                                                        New York, NY 10019-9710
                                                        Tel: (212) 836-8000

                                                        *Counsel for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## CERTIFICATE OF SERVICE

      I certify that on February 24, 2025, I filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to the registered participants identified on the Notice of Electronic Filing.

                                    /s/ Jeffrey L. Handwerker
                                    Jeffrey L. Handwerker