**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> and <br><br> THOMAS J. ENGELS, in his official capacity, and HEALTH RESOURCES AND SERVICES ADMINISTRATION, <br><br> *Defendants*. | Civil Action No. 1:24-cv-3188 |

**PLAINTIFF'S RESPONSE TO PROPOSED INTERVENORS'
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiff Johnson & Johnson Health Care Systems Inc. ("J&J") respectfully submits this response to the notice of supplemental authority filed by 340B Health, UMass Memorial Medical Center, and Genesis HealthCare System ("Proposed Intervenors"), ECF No. 36, concerning a March 4, 2025 decision granting their intervention in four partially consolidated cases before Judge Dabney L. Friedrich, *e.g.*, Order, *Eli Lilly & Co., et al. v. Kennedy, et al.*, No. 24-cv-3220 (D.D.C. Mar. 4, 2025), ECF No. 33.

On January 30, 2025, Proposed Intervenors filed their motion seeking to intervene in this matter as of right under Federal Rule of Civil Procedure 24(a), or, in the alternative, on a permissive basis under Rule 24(b). ECF No. 14. In their motion, Proposed Intervenors claim that they have standing to intervene and a protected interest in this litigation because they would be "significantly harmed by the time and expenses incurred if they are forced to comply with Plaintiff's proposed rebate model, and because of the harm that the shortage of funds will cause their patients and the communities they serve." *Id.* at 4.[1]

Judge Friedrich's March 4, 2025 decision appears to credit those assertions, finding that "[s]hould the plaintiffs implement their 340B drug plan, member hospitals would incur additional upfront costs to pay the full sticker prices for the 340B drugs," which would require them "to divert resources from other programs to pay the initial upfront costs." Order at 3-4, *Eli Lilly & Co.*, No. 43-cv-3220 (D.D.C. Mar. 4, 2025), ECF No. 33. Judge Friedrich found that:

> Because the successful disposition of the plaintiffs' suit would necessarily result in the implementation of the rebate model with associated economic harms to 340B Health's members—including Genesis and UMass—340B Health has sufficiently alleged an injury in fact fairly traceable to the plaintiffs' requested relief and redressable by a judicial decision denying such relief. Thus, 340B Health's members would—and do—have Article III standing to intervene in their own right.

---

[1] These claims were premised on affidavits submitted in support of the motion and did not rely on materials included in the Administrative Record in this case.

*Id.* at 4 (citation omitted).

J&J respectfully refers the Court to the Administrative Record in this case, which contains evidence that J&J's Rebate Model would not impose substantial new financial or administrative burdens on covered entities. *See* AR59-AR60, AR75-AR77, AR86, AR193, AR208, AR242-AR243[2] (reflecting that the Rebate Model would utilize standard claims data that covered entities already collect in the normal course of business and data elements that covered entities currently submit to payers in the reimbursement process); AR59, AR62, AR75, AR95, AR198, AR199, AR208-AR209, AR244 (explaining that covered entity claims will be processed and rebates will be paid within seven to ten days of claim submission under J&J's Rebate Model as proposed, such that covered entities that file timely claims data for eligible sales should receive 340B pricing *before* payment is due to the wholesaler under standard payment terms).

Consistent with the Administrative Record before the Court, J&J maintains that covered entities would not suffer unreasonable economic harm from the loss of upfront price reductions on 340B-eligible sales, nor incur substantial administrative burdens, if J&J were to implement its Rebate Model. J&J respectfully requests that the Court take into consideration the Administrative Record's countervailing evidence to Proposed Intervenors' extra-record claims when adjudicating their motion to intervene.

---

[2] "AR" citations refer to the Administrative Record produced by Defendants, ECF No. 17.

DATED:  March 5, 2025

                    Respectfully submitted,

                    */s/* Jeffrey L. Handwerker
                    Jeffrey L. Handwerker (D.C. Bar No. 451913)
                    jeffrey.handwerker@arnoldporter.com
                    Samuel I. Ferenc (D.C. Bar No. 1616595)
                    sam.ferenc@arnoldporter.com
                    ARNOLD & PORTER KAYE SCHOLER LLP
                    601 Massachusetts Ave., NW
                    Washington, DC 20001-3743
                    Tel: (202) 942-5000

                    Paula R. Ramer (*admitted pro hac vice*)
                    paula.ramer@arnoldporter.com
                    ARNOLD & PORTER KAYE SCHOLER LLP
                    250 West 55th Street
                    New York, NY 10019-9710
                    Tel: (212) 836-8000

                    *Counsel for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 5, 2025, I filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to the registered participants identified on the Notice of Electronic Filing.

/s/ Jeffrey L. Handwerker
Jeffrey L. Handwerker