**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> and <br><br> THOMAS J. ENGELS, in his official capacity, and HEALTH RESOURCES AND SERVICES ADMINISTRATION, <br><br> *Defendants*. | Civil Action No. 1:24-cv-3188 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE PORTIONS OF PROPOSED AMICUS BRIEF THAT RELY UPON EXTRA-RECORD MATERIAL**

Plaintiff Johnson & Johnson Health Care Systems Inc. ("J&J") respectfully moves the Court to strike the extra-record material filed as part of the proposed Amici Curiae Brief of American Hospital Association ("AHA"), National Association of Children's Hospitals, Inc., d/b/a Children's Hospital Association, Association of American Medical Colleges, and America's Essential Hospitals ("AHA Brief"), ECF No. 33-1.  Specifically, J&J moves to strike all portions of the AHA Brief that discuss the responses from a survey of hospitals that AHA claims it conducted, as discussed on pages 4 and 19-23 of the AHA Brief.  Although J&J took no position on the proposed Amici's pending motion for leave to file the AHA Brief, for the reasons set forth below, any reference in the proposed brief to the survey results should now be struck because the materials are not part of the Administrative Record for the agency action in this case.

Defendants have filed and certified with the Court the Administrative Record that the Health Resources and Services Administration ("HRSA") relied on when it purported to reject J&J's plan to offer 340B pricing for certain drug sales through a rebate model rather than an upfront discount.  *See* Certification of Administrative Record, ECF No. 17.  The Administrative Record is 647 pages long and contains, *inter alia*, comments from many stakeholders—including AHA, the Association of American Medical Colleges, and America's Essential Hospitals—sharing their views about supposed impacts of J&J's rebate model.  *See* AR564, AR570-AR579, AR640-AR645.[1]  Proposed Amici had ample opportunity to submit to HRSA any information they wished about J&J's rebate model—including any survey results—during the agency's decision-making process.  They may not now supplement the Administrative Record, particularly when the proffered survey results are facially unreliable.

---

[1] "AR" citations refer to the Administrative Record.

2

Judicial review of Administrative Procedure Act ("APA") claims must be limited to the materials that were "before the agency at the time the decision was made." *Am. Bottling Co. v. NLRB*, 992 F.3d 1129, 1140 (D.C. Cir. 2021) (quoting *Env't Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981)); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419-20 (1971)). Proposed Amici concede that their survey was conducted *after* this case was filed, and they make no claim that any of the results were ever put before HRSA. *See* AHA Brief at 19 ("The [AHA] surveyed its membership *while preparing this amicus brief*." (emphasis added)). As a result, consideration of the survey results would exceed the proper scope of judicial review under the APA. *See Oceana, Inc. v. Locke*, 674 F. Supp. 2d 39, 44-45 (D.D.C. 2009) (granting motion to strike testimony that post-dated agency decision); *see also IMS, P.C. v. Alvarez*, 129 F.3d 618, 623-24 (D.C. Cir. 1997) (granting motion to strike extra-record affidavits submitted with brief).

Notably, this Court has previously rejected a nearly identical attempt by amici to inject extra-record "survey results and material showing harm to certain covered entities" into an APA case concerning HRSA's interpretations of the 340B statute. *PhRMA v. HHS*, 43 F. Supp. 3d 28, 34 n.6 (D.D.C. 2014) (*Orphan Drug*) (Contreras, J.). In *Orphan Drug*, covered entity associations submitted a declaration that attached the results of a survey of providers that purported to speak to harm from the relief sought in the litigation. *See id.* This Court found that such materials were "not relevant to the Court's analysis of the statute" and thus gave them no weight. *Id.* However, the Court additionally made clear that if the materials had been "relevant to the Court's merits analysis, … they would be stricken" as an improper attempt to "supplement the administrative record." *Id.* As the Court explained, "it is black-letter administrative law that in an APA case, a reviewing court should have before it neither more nor less information than did the agency when

3

it made its decision." *Id.* (quoting *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013)). Precisely the same reasoning applies here. AHA's extra-record survey results are not properly part of the record and may not be considered in the Court's resolution of this case.

In addition, as in *Orphan Drug*, the Court should decline to give any weight to these survey results, for several reasons. First, proposed Amici's submission does not even meet the low standard of reliability of the materials from *Orphan Drug*, which at least consisted of complete set of results from a survey of providers. *See* 43 F. Supp. 3d at 34 n.6; Exhibit 2, SNHPA Survey Results, *PhRMA v. HHS*, 1:13-cv-01501 (D.D.C. Dec. 20, 2013), ECF No. 29-3. The AHA Brief, in contrast, provides cherry-picked anecdotes without including the actual responses of AHA's members to the survey, or key details such as the questions that were asked, how many members were canvassed, how many responded, and what percentage of the responses were consistent with the anecdotes that amici plucked for inclusion in their brief.[2] These deficiencies deprive the survey results of any probative value.

Moreover, the AHA Brief's hearsay claims that proposed Amici's members will face financial or administrative burdens from the rebate model are inconsistent with other evidence that *is* properly in the Administrative Record. *See* AR59-AR60, AR75-AR77, AR86, AR193, AR208, AR242-AR243 (reflecting that the Rebate Model would utilize standard claims data that covered entities already collect in the normal course of business and data elements that covered entities currently submit to payers in the reimbursement process); AR59, AR62, AR75, AR95, AR198, AR199, AR208-AR209, AR244 (explaining that covered entity claims will be processed and

---

[2] The unverified and contested status of the survey results means that they could not be considered by the Court as a matter of judicial notice, given that they are subject to dispute, and do not convey information that either is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Cnty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 78-79 (D.D.C. 2008) (denying motion to take judicial notice of extra-record report that post-dated the challenged agency action).

rebates will be paid within seven to ten days of claim submission under J&J's Rebate Model as proposed, such that covered entities that file timely claims data for eligible sales should receive 340B pricing *before* payment is due to the wholesaler under standard payment terms).  Proposed Amici's unreliable survey results should not be permitted to counter or displace evidentiary material that was properly and timely offered to the agency in its decision-making process, and therefore was—or should have been—considered by the agency in rendering its decision.

As noted, J&J did not oppose proposed Amici's motion for leave to file a brief in this case, *see* ECF No. 33, and does not object to proposed Amici filing the remaining portions of their brief, should the Court grant their motion for leave.  However, Amici cannot use their participation in this case to supplement the Administrative Record post-hoc.  Because the Agency did not consider AHA's survey results as part of the Administrative Record, J&J respectfully requests that this Court strike any reference to the survey results, as well as the portions of the AHA Brief relying on this extra-record information.[3]

---

[3] J&J likewise objects to similar extra-record claims about the impact of J&J's rebate model on covered entities in the proposed brief submitted by state and regional hospital associations.  *See* Proposed Amicus Br. of State and Regional Hospital Associations as *Amici Curiae* in Supp. of Defs., ECF No. 38-1, at 1, 3, 24.  These unsubstantiated claims should also be disregarded.  To the extent that other amicus briefs that have been or will be filed in this case similarly rely on extra-record materials, the Court should also strike or disregard those materials when adjudicating the parties' summary judgment motions.

DATED:  March 17, 2025

                                Respectfully submitted,

                                <u>/s/ Jeffrey L. Handwerker</u>
                                Jeffrey L. Handwerker (D.C. Bar No. 451913)
                                jeffrey.handwerker@arnoldporter.com
                                Samuel I. Ferenc (D.C. Bar No. 1616595)
                                sam.ferenc@arnoldporter.com
                                ARNOLD & PORTER KAYE SCHOLER LLP
                                601 Massachusetts Ave., NW
                                Washington, DC 20001-3743
                                Tel: (202) 942-5000

                                Paula R. Ramer (*admitted pro hac vice*)
                                paula.ramer@arnoldporter.com
                                ARNOLD & PORTER KAYE SCHOLER LLP
                                250 West 55th Street
                                New York, NY 10019-9710
                                Tel: (212) 836-8000

                                *Counsel for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 17, 2025, I filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to the registered participants identified on the Notice of Electronic Filing.

/s/ Jeffrey L. Handwerker
Jeffrey L. Handwerker
