**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> and <br><br> THOMAS J. ENGELS, in his official capacity, and HEALTH RESOURCES AND SERVICES ADMINISTRATION, <br><br> *Defendants*. | Civil Action No. 1:24-cv-3188 |

**PLAINTIFF'S REPLY IN SUPPORT OF
<u>MOTION FOR LEAVE TO FILE UNDER SEAL</u>**

Intervenors' Opposition to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("J&J's") motion to seal, ECF No. 47 ("Mot."), is based on a fundamental misunderstanding of the difference between the Administrative Record ("AR") and Joint Appendix filed in this case. On January 31, 2025, Defendants produced the AR in this case to J&J, which contained hundreds of pages of correspondence and other documents relating to the rebate models proposed by J&J and four other manufacturers. On May 14, 2025, at the completion of the parties' summary judgment briefing and pursuant to Local Civil Rule 7(n), J&J filed a two-volume Joint Appendix containing the portions of the AR that the parties relied on in their summary judgment briefs, with contents agreed upon by the parties. *See* ECF No. 48. J&J concurrently filed an unopposed motion

for leave to file the second volume under seal. *See* ECF No. 47. J&J's motion was consistent with its obligations under the Stipulated Protective Order in this case, which requires the parties to maintain confidential business information and other commercially sensitive material under seal. *See* ECF No. 20 ¶ 15; *see also id.* ¶¶ 1, 3.

On May 15, 2025, the Court granted Intervenors' motion to intervene, ECF No. 49, and Intervenors filed an Opposition to J&J's motion to seal, ECF No. 51 ("Opp."). In their Opposition, Intervenors appear to conflate J&J's Joint Appendix, which per local rules contains only a subset of the AR, with the *entire* AR compiled by the agency in this case. Intervenors appear to be requesting that the entire AR be unsealed and made public, as they refer throughout their Opposition to the unsealing of the AR and not the portions of the Joint Appendix that J&J moved to seal. *See, e.g.*, Opp. 3 ("The Public Needs Access to the Administrative Record Given HRSA's Upcoming Review of Proposed Rebate Models."). Intervenors similarly fault J&J for failing to list certain portions of the AR in the index for either the public or sealed volumes of the Joint Appendix. *See* Opp. 3 n.3. But the sections of the AR that Intervenors identify were not ones that either J&J or the Defendants "cited or otherwise relied upon" in their summary judgment motions, and accordingly were not included in the Joint Appendix. Local Civil Rule 7(n).

Intervenors' request that the Court unseal materials regarding the structure and operation of *other* drug manufacturers' proposed rebate models further demonstrates Intervenors' misconceptions about the documents in question. *See* Opp. 9. With the exception of some brief excerpts relied on by the government, *see* JA172-JA175 (AR256-AR259); JA176-JA190 (AR348-AR362); JA191 (AR427), the Joint Appendix does not include information regarding other manufacturers' rebate or credit models, which is not relevant to the parties' arguments or the agency's decision in this case. Intervenors thus appear to conflate J&J's case with parallel

2

litigation in this District involving 340B rebate models, in which the parties submitted a more extensive joint appendix with a far greater proportion of sealed material. *See, e.g.*, J.A. at 4-7, *Sanofi-Aventis U.S. LLC v. Kennedy et al.*, No. 24-cv-3496-DLF (D.D.C. May 2, 2025), ECF No. 52.

Moreover, Intervenors' Opposition makes clear that their intention is to publicize materials from the AR so that their members can use them in future advocacy regarding manufacturers' rebate models. Opp. 4. But Intervenors ignore that the "existing Stipulation and Protective Order remains in effect and continues to govern these proceedings," even after the Intervenors joined the case.[1] *New York v. Microsoft Corp.*, No. 98-CV-1233, 2002 WL 318565, at *5 (D.D.C. Jan. 28, 2002); *see Vinson v. Wash. Gas Light Co.*, 321 U.S. 489, 498 (1944) ("one of the most usual procedural rules is that an intervenor is admitted to the proceeding as it stands" and is "not permitted to . . . compel an alteration of the nature of the proceeding"). J&J's motion to file portions of the Joint Appendix under seal is consistent with both the Stipulated Protective Order and the factors set out in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). *See* Mot. 2-5. J&J selected a narrow set of materials for sealing and did so with the intent of protecting not only its own privacy and confidentiality interests but also those of the non-parties to this case whose information is included in the Joint Appendix.

In the interest of brevity, J&J further replies in support of its motion for leave with the following three points:

---

[1] Shortly after the Intervenors' motion to intervene was granted, counsel for Intervenors emailed counsel for J&J requesting copies of the AR and documents J&J had filed under seal. Counsel for J&J replied and asked for confirmation that Intervenors would agree to be bound by the terms of the parties' Stipulated Protective Order. Counsel for Intervenors replied: "Yes, until the court rules on any motion to seal, we will honor the protective order." Counsel appears to have failed to recognize that even if additional portions of the Joint Appendix are eventually unsealed, Intervenors and their counsel remain obligated to abide by the agreed Protective Order entered by the Court, ECF No. 20.

*First*, J&J sought to file portions of the Joint Appendix under seal because the government's briefing cited portions of the AR that contain information belonging to non-parties. As noted, some of those non-parties are currently litigating cases in this District relying on the same administrative record, and each moved to file portions of the joint appendices in their cases under seal. *See, e.g.*, J.A. 4-7, *Sanofi-Aventis*, No. 24-cv-3496-DLF, ECF No. 52 (identifying portions of the AR relating to non-party drug manufacturers' rebate and credit models as intended to be sealed); Reply in Supp. of Mot. for Leave to File Under Seal at 1, *Sanofi-Aventis*, No. 24-cv-3496-DLF, ECF No. 59 (reiterating request to seal materials that contain "confidential business information and other commercially sensitive material").

Ignoring this context, Intervenors argue that J&J has improperly sought to seal the materials at AR348-AR362 regarding non-party Sanofi Aventis U.S. LLC's ("Sanofi's") credit model. *See* Opp. 8. But at the time J&J moved for leave to file the Joint Appendix under seal, Sanofi had itself moved to seal those same materials from the AR in its case, indicating that it viewed the materials as confidential. Sanofi and other plaintiffs in rebate model cases in this District continue to maintain that these materials, along with others included in J&J's Joint Appendix, *see* AR427, should be sealed on the grounds that they contain private personal information, *see* Reply in Supp. of Mot. for Leave to File Under Seal at 3-4, *Sanofi-Aventis*, No. 24-cv-3496-DLF, ECF No. 59. J&J has no basis to second-guess this position.[2] *See Hubbard*, 650 F.2d at 319 ("Where a third party's property and privacy rights are at issue the need for

---

[2] In contrast, the plaintiffs in the parallel cases have recently stated that they no longer seek to seal the materials at AR256-AR264. *See* Reply in Supp. of Mot. for Leave to File Under Seal at 4, *Sanofi-Aventis*, No. 24-cv-3496-DLF, ECF No. 59. Some of these excerpts were cited by the government and included in the Joint Appendix in this case. *See* JA172-175 (AR256-AR259). In light of these statements, J&J does not object to filing these pages on the public docket, as noted below.

minimizing intrusion is especially great."). Further portions of the AR included in J&J's Joint Appendix contain information of non-parties that J&J believes should be sealed for similar reasons. *See* AR550-AR553; AR564; AR570-AR571; AR586-AR587; AR640.

*Second*, J&J has taken a targeted approach to sealing documents in this case, and with respect to documents relating to the details of J&J's Rebate Model, has sought to only seal documents necessary to protect "confidential business information that should be kept private for competitive business reasons." *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 83 (D.D.C. 2020). The Joint Appendix makes public J&J's substantive letters to HRSA—which were already attached to J&J's complaint—that explain the need for the Rebate Model, the broad outlines of how it will function, its lawfulness under the 340B statute, and the improvements it offers for 340B program integrity. *See, e.g.*, AR56-AR63; AR72-AR84; AR191-AR200; AR207-AR211.

Materials that J&J proposed sealing, in contrast, include J&J's contract with the provider of the platform the Rebate Model will use, a non-party to this case, *see* AR98-AR107, as well as HRSA's analysis regarding materials J&J presented to HRSA, *see* AR53-AR54; AR174-AR175. These materials extend beyond what J&J has presented publicly, and represent "confidential proprietary information relating to [a] competitive business" that should be sealed. *See, e.g.*, *Tavoulareas v. Wash. Post Co.*, 111 F.R.D. 653, 655-56 (D.D.C. 1986); *contra* Opp. 8.

Intervenors identify only two specific J&J documents that they claim have been improperly sealed on the ground that J&J has already made the substance of the document public. *See* Opp. 7-8 n.8 (citing AR235-AR246); *id.* at 6 (citing AR86-AR96). The first is a slide deck from J&J's presentation to HRSA that contains information *not* previously made public. *See* AR234-AR246. The second document, at AR86-AR96, represents a draft notice concerning J&J's Rebate Model

5

that differs from the version made public both in J&J's complaint and the unsealed volume of the summary judgment appendix, *compare* AR92 *with* AR184.  However, in the interest of efficiency, J&J does not object to these documents being filed on the public docket.  Intervenors fail to identify any other portion of the AR related to J&J's Rebate Model that J&J has improperly sought to seal because the materials have previously been made public.  That undermines any argument that sealing would deprive the public of necessary information to evaluate J&J's Rebate Model or limit the public's ability to understand the Court's eventual decision on this issue.

*Third*, J&J has reviewed the remaining specific sections of the Joint Appendix for which Intervenors oppose sealing.  In the interest of narrowing the parties' dispute, and consistent with the discussion above, J&J does not object to unsealing the following portions:  AR86-AR96, AR154-AR173, AR232-AR246, AR256-AR259, AR538-AR549, AR565-AR569, AR572-AR574, AR575-AR579, and AR635-AR639.

## CONCLUSION

For the foregoing reasons, the Court should grant leave to file one volume of the Joint Appendix under seal.  J&J does not object to filing the following portions of the record on the docket through a supplemental public submission: AR86-AR96, AR154-AR173, AR232-AR246, AR256-AR259, AR538-AR549, AR565-AR569, AR572-574, AR575-AR579, and AR635-AR639.  A revised proposed order accompanies this reply.

DATED:  June 4, 2025

                    Respectfully submitted,

                    */s/ Jeffrey L. Handwerker*
                    Jeffrey L. Handwerker (D.C. Bar No. 451913)
                    jeffrey.handwerker@arnoldporter.com
                    Samuel I. Ferenc (D.C. Bar No. 1616595)
                    sam.ferenc@arnoldporter.com
                    ARNOLD & PORTER KAYE SCHOLER LLP
                    601 Massachusetts Ave., NW
                    Washington, DC 20001-3743
                    Tel: (202) 942-5000

                    Paula R. Ramer (*admitted pro hac vice*)
                    paula.ramer@arnoldporter.com
                    ARNOLD & PORTER KAYE SCHOLER LLP
                    250 West 55th Street
                    New York, NY 10019-9710
                    Tel: (212) 836-8000

                    *Counsel for Plaintiff Johnson & Johnson Health Care Systems Inc.*

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2025, I filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to the registered participants identified on the Notice of Electronic Filing.

/s/ *Jeffrey L. Handwerker*
Jeffrey L. Handwerker